CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

March 18, 2025

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:18CR00025-005 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ANDREA NICOLE STICKEL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Matthew Hill, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant Andrea Nicole Stickel has filed a second pro se motion for compassionate release. I denied her previous motion in June 2021. Order, ECF No. 1341. For the reasons that follow, the motion will be denied.[1]

I.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has

---

[1] Stickel filed her motion without the assistance of an attorney, and the court then appointed the Federal Public Defender to represent her. The Federal Public Defender has advised the court that no supplemental motion will be filed. No reply to the government's response in opposition has been filed and the motion is thus now ripe for determination.

adopted such policy statements.  U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 (U.S. Sent'g Comm'n 2023).  But even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C. § 3553(a) factors.  *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).  A defendant seeking compassionate release has the burden of establishing that it is warranted.  *United States v. Bryant*, No. 3:04-cr-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024).

## II.

Stickel was sentenced by this court in July 2019 for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  She was sentenced to 210 months of imprisonment.  Judgment, ECF No. 678.  In May 2020, her sentence was reduced to 162 months.  Am. J., ECF No. 1116.  She has filed the present motion seeking compassionate release based on the application of "ice" methamphetamine guidelines; her criminal history status points; the effects of COVID-19; a change in the sentencing guidelines; harsh conditions of confinement; and her rehabilitation.

## III.

Section 1B1.13 provides that a sentence reduction may be permitted by "extraordinary and compelling" reasons under 18 U.S.C. § 3582(c)(1)(A).

However, Stickel has not made the requisite showing to be eligible under Section 1B1.13.

Her first argument concerns the application of the "ice" methamphetamine guidelines to inform her base offense level. As the government argues, however, Stickel stipulated to the application of the "ice" guidelines. Plea Agreement, ECF No. 285. Second, Stickel argues that an amendment to the Guidelines would have reduced her sentencing range by eliminating the use of status points in her case and providing a two-level decrease in offense level for certain offenders. Mot. 7, ECF No. 1600. But while Stickel is correct that she would have four criminal history points instead of six, she would still have the same criminal history category. It therefore does not constitute an extraordinary and compelling circumstance.

Lastly, Stickel makes multiple other arguments, most of which I previously considered and rejected. She argues that her rehabilitation since her prior sentencing; a disparity between her current sentence and the one she would have been given today; harsh conditions at her prison facility; and the COVID-19 pandemic are all extraordinary and compelling circumstances to justify compassionate release.

Ultimately, however, the § 3553(a) sentencing factors convince me not to grant relief. As I determined on her first motion for compassionate relief,

> Stickel's crimes were serious. She helped facilitate a major drug conspiracy, being responsible for possessing and selling at least 1.5

-3-

kilograms of methamphetamine. Presentence Investigation Report ¶¶ 84–108, ECF No. 668. She was a leader in the conspiracy where she supplied at least six other known parties with the illicit substance.

Order 2, ECF No. 1341. These factors continue to weigh heavily against reducing Stickel's sentence. I find that even if she had shown extraordinary and compelling reasons, a consideration of the § 3553(a) factors would convince me not to grant relief.

IV.

Accordingly, it is **ORDERED** that the defendant's motion, ECF No. 1600, is DENIED.

ENTER:  March 18, 2025

/s/  JAMES P. JONES
Senior United States District Judge